## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN
_____

PRECISION SHOOTING EQUIPMENT, INC., )
                                 )
            Plaintiff,             )
                                 )       Case No. 16-cv-820
v.                                      )
                                 )
RAVIN CROSSBOWS, LLC,           )
                                 )
            Defendant.         )
_____

## COMPLAINT FOR PATENT INFRINGEMENT
_____

      Plaintiff Precision Shooting Equipment, Inc. (hereinafter, "PSE"),  by and through its attorneys, alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for patent infringement arising under 35 U.S.C. §§ 271, et seq.

2.  This Court has exclusive jurisdiction over the subject matter of this civil action under 28 U.S.C. § 1338(a).

## PARTIES, PERSONAL JURISDICTION, AND VENUE

3.  Plaintiff PSE is a Delaware corporation having a principal place of business at 2727 N. Fairview Road, Tucson, Arizona 85703.

4.  Plaintiff PSE was incorporated in 1976, and has been manufacturing and selling archery bows and related archery equipment since 1976.

5.  Plaintiff PSE is now  the largest privately-owned archery equipment manufacturer in the United States.

6.  Plaintiff PSE began offering crossbows within its product lineup since at least as early as 1983, and continues to do so.

1

7.   Upon information and belief, Defendant Ravin Crossbows, LLC (hereinafter, "Ravin") is a Wisconsin limited liability company having a principal place of business at 69 N. 28th Street, Suite 500 Superior, Wisconsin 54880.

8.   Upon information and belief, Defendant Ravin was formed as a Wisconsin limited liability company on February 10, 2015.

9.   Defendant Ravin is subject to the personal jurisdiction of this Court, and venue is proper in this judicial District.

**PATENTS IN SUIT**

10.   U.S. Patent No. 8,240,299 (hereinafter, "the '299 patent") was issued on August 14, 2012, is entitled "Release Assembly For Crossbow", and is assigned to Plaintiff PSE.

11.   A true and correct copy of the '299 patent is attached hereto as Exhibit A.

12.   An Assignment of the patent rights in the invention described and claimed in the '299 patent, from the named inventors to Plaintiff PSE, was recorded in the U.S. Patent and Trademark Office on March 13, 2009, at Reel/Frame 022391/0802.

13.   Plaintiff PSE is the record owner of the '299 patent.

14.   The '299 patent issued with a total of eight patent claims, numbered 1 through 8.

15.   Patent claim 1 of the '299 patent is in independent form.

16.   Patent claims 2-8 of the '299 patent are in dependent form and depend directly or indirectly from claim 1 of the '299 patent.

17.   In the present action, Plaintiff PSE asserts that Defendant Ravin is liable for infringement of claims 1-5 of the '299 patent.

18.   U.S. Patent No. 8,453,631 (hereinafter, "the '631 patent") was issued on June 4, 2013, is entitled "Release Assembly For Crossbow", and is assigned to Plaintiff PSE.

19.   A true and correct copy of the '631 patent is attached hereto as Exhibit B.

20.   The '631 patent issued upon patent application Ser. No. 13/558,173, filed July 25, 2012, as a divisional patent application of parent patent application Ser. No. 12/350,123, filed on January 7, 2009, which parent patent application issued as the '299 patent.

21.  An Assignment of the patent rights in the invention described and claimed in the '631 patent, from the named inventors to Plaintiff PSE, was recorded in the U.S. Patent and Trademark Office on March 13, 2009, at Reel/Frame 022391/0802.

22.  Plaintiff PSE is the record owner of the '631 patent.

23.  The '631 patent issued with a total of twenty patent claims, numbered 1-20.

24.  Patent claim 1 of the '631 patent is in independent form.

25.  Patent claims 2-20 of the '631 patent are in dependent form and depend directly or indirectly from claim 1 of the '631 patent.

26.  In the present action, Plaintiff PSE asserts that Defendant Ravin is liable for infringement of claim 1 of the '631 patent.

27.  Plaintiff PSE has marked notice of its patent rights under the '631 patent on its crossbows covered by the '631 patent, in accordance with Section 287(a) of the Patent Laws (35 U.S.C. §287(a)), continuously since at least July of 2013.

## INFRINGEMENT OF THE '299 PATENT

28.  Defendant Ravin has offered, and is offering for sale, its Ravin R9 Predator crossbow (hereinafter, "the Ravin R9 crossbow").

29.  The Ravin R9 crossbow is featured on the Products web page of Defendant Ravin's website having the domain address ravincrossbows.com.

30.  Inserted at the top of the next page is a graphic image of Defendant Ravin's R9 crossbow, as captured from Defendant Ravin's webpage having the domain address ravincrossbows.com/products/crossbows/:



31.  The preamble of patent claim 1 of the '299 patent begins with the words "A method of operating a crossbow".

32.  The first step of the method recited in claim 1 is to provide a movable bowstring release assembly that is movable relative to the first and second ends of an elongated frame member of the crossbow; that includes a bowstring hook for selectively engaging the bowstring of the crossbow; and that includes an actuating lever for releasing the bowstring hook from the bowstring.

33.  The Ravin R9 crossbow includes a movable bowstring release assembly, which Defendant Ravin identifies as its "TRAC-TRIGGER™ Firing System".

34.  Inserted below is a graphic image featuring Defendant Ravin's "TRAC-TRIGGER™ Firing System", as captured from Defendant Ravin's webpage having the domain address ravincrossbows.com/technology/:



4

35.  The graphic image inserted at the bottom of the previous page states that the built-in trigger mechanism slides forward on the rail and clasps directly to the precise center of the string every time the bow is drawn.

36.  Once the slidable trigger mechanism of the Ravin R9 crossbow is engaged with the bowstring, it is pulled back, or cocked, using Defendant Ravin's "VERSA-DRAW™ Cocking System".

37.  Inserted below is a graphic image featuring Defendant Ravin's "VERSA-DRAW™ Cocking System", as captured from Defendant Ravin's webpage having the domain address ravincrossbows.com/technology/:



38.  As shown in the graphic image above, the user winds a crank to pull a rope, or "cocking strap", which pulls the slidable trigger mechanism rearward.

39.  The photograph inserted below shows the internal components of the Ravin R9 crossbow "TRAC-TRIGGER™ Firing System", including a bowstring hook and an actuating lever:



40.    When operating the Ravin R9 crossbow, the movable bowstring release assembly shown in the image inserted at the bottom of the previous page is movable relative to the first and second ends of the elongated rail of the crossbow; the movable release assembly shown in the graphic image inserted at the bottom of the previous page includes a bowstring hook for selectively engaging the bowstring of the crossbow; and the movable bowstring release assembly shown in the image inserted at the bottom of the prior page includes an actuating lever for releasing the bowstring hook from the bowstring.

41.    Method claim 1 of the '299 patent also recites the step of attaching a rope to the movable bowstring release assembly.

42.    As shown in the graphic image below, Defendant Ravin attaches a rope, or "cocking strap", to the rear of the movable release assembly for use in cocking the bowstring:



43.    In the photograph inserted below, the attachment of the cocking strap to the rear of the Ravin R9 crossbow movable release assembly is visible:



44.   Method claim 1 of the '299 patent also recites the step of moving the movable bowstring release assembly, including the bowstring hook and the actuating lever, toward the bowstring to engage the bowstring hook with the bowstring.

45.   Defendant Ravin has published an Instruction Manual for its Ravin R9 crossbow, and a copy of such Instruction Manual is available for download on Defendant Ravin's web page having the domain address  http://ravincrossbows.com/safety-instruction/.

46.   A true and correct copy of Defendant Ravin's Instruction Manual for its Ravin R9 crossbow is attached hereto as Exhibit C.

47.   Defendant Ravin's R9 Instruction Manual includes the following instructions to the reader:

"  6. While still holding the spool thumb release down with one hand, *slide the Trac Trigger Firing System™ forward along the rail* with the other hand pressing firmly until it is fully engaged with the bowstring. The cocking strap will unwind from the spool *as the Trac Trigger Firing System™ is moved forward* (Figure 19). The *bowstring clasp will automatically close around the bowstring* and the safety and anti-dry fire system will automatically activate. If the safety is not engaged, push the safety to the Safe position."

48.   Method claim 1 of the '299 patent also recites the step of pulling the rope to retract the movable bowstring release assembly, including the bowstring hook and the bow string engaged thereby, and including the actuating lever, toward the second end of the elongated frame member until the bowstring is in a drawn position, with the movable bowstring release assembly proximate the second end of the elongated frame member, and the actuating lever of the movable bowstring release assembly proximate to the trigger of the crossbow.

49.   Defendant Ravin's R9 Instruction Manual includes the following instructions to the reader:

"  8.   While firmly holding the Ravin™ Crossbow grip with one hand, *rotate the cocking handle* forward toward the top of the Ravin™ Crossbow with the other hand *to retract the Trac Trigger Firing System™ toward the trigger* (Figure 21). The spool ratchet will make a clicking sound as the cocking handle is rotated. DO

NOT DEPRESS THE SPOOL THUMB RELEASE DURING THIS
PROCEDURE. Your Ravin™ Crossbow is fully cocked when the clutch in the
cocking handle slips and clicking sound from the spool ratchet stops (Figure 22)."

50.   The photograph below shows internal components of the Ravin R9 crossbow
movable release assembly, and further shows the actuating lever of the movable
bowstring release assembly positioned proximate to the trigger of the crossbow in the
drawn position:



51.   The final step recited by method claim 1 of the '299 patent is operating the
trigger to release the bowstring from the bowstring hook, and to propel an arrow.

52.   Defendant Ravin's R9 Instruction Manual includes the following instructions to
the reader:

"  2.  Point your COCKED (see Section 6) and LOADED (see Section 7) Ravin™
Crossbow toward the intended target with one hand on the fore-grip and the other
hand on the stock.

8

    3.  Confirm that your fingers and hands are not in the bowstring path. Lightly press the stock against your shoulder (Figure 32).

    4.  When you are ready to fire slide the safety forward to the FIRE position (red dot visible) (Figure 33).

    5.  With the Ravin™ Crossbow sighted on the intended target, pull the trigger slowly and smoothly."

53.  Operation of the Ravin R9 crossbow, in accordance with instructions provided by Defendant Ravin, literally performs each of the steps recited in method claim 1 of the '299 patent.

54.  Plaintiff PSE contends that Defendant Ravin's "cocking strap" is a "rope", as that term is used in the '299 patent; to the extent that a "cocking strap" is not deemed to be literally identical to a "rope", then the "cocking strap" provided in Defendant Ravin's R9 crossbow is functionally equivalent to a "rope".

55.  Defendant Ravin has itself directly performed each of the method steps recited in claim 1 of the '299 patent by cocking, loading, and triggering a Ravin R9 crossbow.

56.  Plaintiff PSE has already alleged above that Defendant Ravin provides, within the Ravin R9 crossbow, a movable bowstring release assembly that is movable relative to the first and second ends of the elongated rail; that the movable bowstring release assembly includes a bowstring hook for selectively engaging the bowstring; and that the movable bowstring release assembly includes an actuating lever for releasing the bowstring hook from the bowstring when the crossbow is triggered.

57.  Plaintiff PSE has already alleged above that Defendant Ravin provides, within the Ravin R9 crossbow, a rope, or "cocking strap", attached to the rear end of the movable bowstring release assembly.

58.  Defendant Ravin provides instructional videos on its website at the domain address ravincrossbows.com/safety-instruction/.

59.  The aforementioned instructional videos viewable on Defendant Ravin's website feature Doug Guthrie, believed to be Defendant Ravin's Operations and Production Manager, reviewing various features of the Ravin R9 crossbow.

60.  Within the image inserted below, which image was captured from Defendant Ravin's instructional video named "Trac-Trigger Firing System", Doug Guthrie of Defendant Ravin is seen sliding the movable bowstring release assembly forward toward the bowstring to engage the bowstring hook with the bowstring:



61.  Within the image below, also captured from Defendant Ravin's instructional video named "Trac-Trigger Firing System", Doug Guthrie of Defendant Ravin is seen engaging the bowstring hook of the movable bowstring release assembly with the bowstring:



62.  Within the image inserted near the top of the next page, captured from Defendant Ravin's instructional video named "Cocking Your Crossbow", Doug Guthrie of Defendant Ravin is seen operating a cocking crank to pull the cocking strap onto a

winding spool until the movable bowstring release assembly is retracted and fully-cocked proximate to the trigger components:



63.  Within the image below, captured from Defendant Ravin's instructional video named "Aiming and Shooting", Doug Guthrie of Defendant Ravin is seen pulling the trigger of the Ravin R9 crossbow to fire an arrow:



64.  Defendant Ravin has itself directly practiced each of the method steps recited in method claim 1 of the '299 patent.

65.  Apart from, and in addition to, itself performing each of the method steps recited by claim 1, Defendant Ravin has also instructed, aided, and encouraged others to perform

each of the steps recited by method claim 1 of the '299 patent by instructing its purchasers and dealers, via instruction manuals, instructional videos, and demonstrations, to operate the Ravin R9 crossbow in the manner described above.

66. Examples of third parties operating the Ravin R9 crossbow in the manner described above can be seen at the following web pages:

a) https://www.youtube.com/watch?v=WvrH7SsmPuA

Al Escobedo from Crossbow Experts

Published on Oct 7, 2016

b) https://www.youtube.com/watch?v=-F72MBb6Ous

Johnny Grace (sales representative for Defendant Ravin and PJ Riley of Lancaster Archery Supply;

Published on Oct 14, 2016

c) https://www.youtube.com/watch?v=Xcq7eQmddrY

Presleys Outdoors

Published on Oct 26, 2016

67. Defendant Ravin's Instruction Manual for the Ravin R9 crossbow states that the warranty for the Ravin R9 crossbow is void if the instructions in the manual are not followed, or if the Ravin R9 crossbow, or any of its parts or accessories, are modified from their original condition.

68. Defendant Ravin offers a limited five-year warranty on its Ravin R9 crossbow, and a copy of such warranty can be viewed on Defendant Ravin's website at http://ravincrossbows.com/uploads/pdfs/RavinWarranty.pdf.

69. A true and correct copy of Defendant Ravin's limited five-year warranty on its Ravin R9 crossbow is attached hereto as Exhibit D.

70. Defendant Ravin's limited five-year warranty states that, by using the Ravin R9 crossbow, the user is agreeing to be bound by the terms of Defendant Ravin's Limited Warranty, and that the five year limited warranty, against defects in materials and workmanship, is conditioned upon normal use in accordance with Defendant Ravin's published instructions and guide-lines.

71.   Defendant Ravin has conditioned the receipt of a benefit, namely, coverage under its limited warranty, upon the user's performance of certain operational steps and Defendant Ravin has further established the manner and timing of the performance of those steps by users of the Ravin R9 crossbow.

72.   In those instances where dealers, customers and/or other third parties use a Ravin R9 crossbow to perform the steps of:

- moving the movable bowstring release assembly toward the bowstring to engage the bowstring hook with the bowstring;

- pulling the rope to retract the movable bowstring release assembly toward the rear end of the elongated rail into the drawn position; and

- operating the trigger to release the bowstring from the bowstring hook; Defendant Ravin directs the performance of such steps, and the performance of such steps is attributable to Defendant Ravin.

73.   Patent claim 2 of the '299 patent depends from method claim 1 and provides further details in regard to the step of pulling the rope.

74.   More particularly, method claim 2 of the '299 patent recites that the step of pulling the rope includes the steps of:

- rotatably supporting a spool proximate the second end of the elongated frame member;

- engaging the rope with the spool; and

- rotating the spool to wind the rope around the spool to pull the movable bowstring release assembly, and the bowstring engaged by the bowstring hook thereof, toward the drawn position.

75.   Defendant Ravin supports a spool near the rear end of the crossbow rail of the Ravin R9 crossbow; the spool and the rope, or "cocking strap", engaged therewith, are visible in the photograph inserted at the top of the next page:



76.   The Ravin R9 Instruction Manual states that "The cocking strap will unwind *from the spool* as the Trac Trigger Firing System™ is moved forward (Figure 19)."

77.   Inserted below are Figs. 18 and 19 from the Ravin R9 Instruction Manual illustrating the spool thumb release and spool crank disposed near the rear end of the elongated rail:




78.   The Ravin R9 Instruction Manual instructs the user to "rotate the cocking handle forward toward the top of the Ravin™ Crossbow with the other hand to retract the Trac Trigger Firing System™ toward the trigger (Figure 21). The spool ratchet will make a clicking sound as the cocking handle is rotated. DO NOT DEPRESS THE SPOOLTHUMB RELEASE DURING THIS PROCEDURE. Your Ravin™ Crossbow is fully cocked when the clutch in the cocking handle slips and clicking sound from the spool ratchet stops (Figure 22)."

79.   Defendant Ravin instructs users of the Ravin R9 crossbow to rotate the spool, via the cocking handle, to wind the rope, or "cocking strap", around the spool to pull the movable bowstring release assembly toward the drawn position.

80.   Patent claim 3 of the '299 patent depends from method claim 2 and provides further details in regard to a gear and pawl associated with the spool.

81.   More particularly, method claim 3 of the '299 patent recites the additional steps of coupling at least one gear to the spool; and engaging a pawl with the at least one gear for permitting rotation of the spool in a first direction, and for selectively preventing rotation of the spool in a second, opposing direction.

82.   Within the photograph of Ravin R9 crossbow components inserted below, a spool, at least one gear, and a pawl are all shown and labeled:



83.   In regard to the structure depicted above, unless the pawl/spool thumb release is depressed by the user, rotation of the spool to wind the cocking strap is permitted, but rotation of the spool to unwind the cocking strap is prevented.

84.   Patent claim 4 of the '299 patent depends from method claim 2 and recites the additional steps of: forming a rope attachment hole extending transversely through the spool; and  passing an end of the rope through the rope attachment hole for securing an end of the rope to the spool.

85.   The photographs inserted at the top of the next page show how the cocking strap of the Ravin R9 crossbow is inserted through a transverse hole in the spool to secure one end of the cocking strap inside the spool:




86.   Patent claim 5 of the '299 patent depends from method claim 2 and recites that the step of rotating the spool includes the steps of: coupling a first gear to the spool; engaging a spur gear with the first gear of the spool; and cranking the spur gear to rotate the spool, and to wind the rope about the spool, to pull the movable bowstring release assembly, and the bowstring engaged by the bowstring hook thereof, into the drawn position.

87.   Within the photograph inserted below, the spool, first gear, and spur gear of the Ravin R9 crossbow are all visible, as viewed from the bottom of the assembly:



88.Defendant Ravin has made, used, sold, and/or offered to sell Ravin R9 crossbows which, when used in accordance with Defendant Ravin's instructions, infringe patent claims 1-5 of the '299 patent; 35 U.S.C. § 271.

89.   Plaintiff PSE has been damaged by Defendant Ravin's acts of patent infringement set forth above.

90.   Upon information and belief, Defendant Ravin will continue to infringe patent claims 1-5 of the '299 patent unless and until enjoined from further infringement by this Court.

## INFRINGEMENT OF THE '631 PATENT

91.   Plaintiff PSE incorporates, repeats and re-alleges the allegations set forth above in Paragraphs 10-90 as if fully set forth herein.

92.   Claim 1 of the '631 patent recites a crossbow that includes, among other things,

- a riser having a central portion and opposing end portions;

- first and second limbs coupled to the opposing end portions of the riser, the first limb extending from the riser toward a first limb tip, and the second limb extending from the riser toward a second limb tip;

- a bowstring extending between the first limb tip and the second limb tip for propelling an arrow.

93.   Defendant Ravin's R9 crossbow includes a riser, first and second limbs, and a bowstring extending between the limb tips of the limbs, as shown in the annotated photograph inserted below, and derived from Fig. 24 of the Ravin R9 crossbow Instruction Manual:



94.   Claim 1 of the '631 patent recites that the claimed crossbow also includes an elongated frame member having first and second opposing ends, the first end being coupled to the riser, and a trigger disposed proximate the second end of the elongated frame member for being pulled by a user.

95.   Defendant Ravin's R9 crossbow includes an elongated rail, or frame member, having a first, or forward, end coupled to the riser, and having a trigger positioned near its second opposing, or rear, end, as shown in the annotated photograph below, derived from Fig. 32 of the Ravin R9 crossbow Instruction Manual:



96.   Claim 1 of the '631 patent recites that the claimed crossbow also includes a bowstring release that is movable along the elongated frame member.

97.   Defendant Ravin refers to its movable release as a "Trac-Trigger" firing system that slides forward on the rail of the Ravin R9 crossbow, as shown in the image below captured from Defendant Ravin's website:



98.   Claim 1 of the '631 patent also recites that the bowstring release includes a bowstring hook for selectively engaging the bowstring when the bowstring release is moved proximate the riser, as well as an actuating lever which cooperates with the trigger when the bowstring release is moved proximate the trigger, wherein the actuating lever is

responsive to the trigger for selectively releasing the bowstring from the bowstring hook when a user pulls the trigger.

99.   The "Trac-Trigger" release assembly provided in Defendant Ravin's R9 crossbow includes the recited bowstring hook, as well as the recited actuating lever, as shown in the photograph inserted below:



100.   Claim 1 of the '631 patent also recites that the crossbow further includes a string retractor coupled to the second end of the elongated frame member, including a rope coupled to the bowstring release for pulling the bowstring release, while the bowstring is engaged therewith, away from the riser toward a drawn position proximate the second end of the elongated frame member, wherein the actuating lever of the bowstring release is disposed proximate to the trigger.

101.   As noted above, the Ravin R9 crossbow includes a string retractor, including a spool, gears, and cocking handle that are coupled to the rear end of the crossbow rail for pulling the bowstring release, along with the bowstring captured thereby, rearward toward the drawn and cocked position, as shown in the photographs below:




102.   When the Ravin R9 crossbow movable release has been fully retracted, the movable release is brought proximate to the trigger that is pulled by the user, as shown in the photographs inserted below:



103.  When the movable release of the Ravin R9 crossbow is fully retracted, then the actuating lever of the movable release is disposed proximate to the trigger, as shown in the photograph below:



104.  The Ravin R9 crossbow literally includes each of the features of the crossbow recited in claim 1 of the '631 patent.

105.  Plaintiff PSE contends that Defendant Ravin's "cocking strap" is a "rope", as that term is used in the '631 patent; to the extent that a "cocking strap" is not deemed to be literally identical to a "rope", then the "cocking strap" provided in Defendant Ravin's R9 crossbow is functionally equivalent to a "rope".

106.  Defendant Ravin has infringed, and is infringing, claim 1 of the '631 patent.

107.  Plaintiff PSE has been damaged by Defendant Ravin's acts of infringement of claim 1 of the '631 patent as set forth above.

108.   Upon information and belief, Defendant Ravin will continue to infringe patent claim 1 of the '631 patent unless and until enjoined from further infringement by this Court.

**Defendant Ravin Has Long Held Actual Knowledge of the '299 and '631 Patents**

109.   Defendant Ravin has had actual knowledge of the '299 and '631 patents since at least the date of its formation on February 10, 2015.

110.  On March 13, 2013, U.S. patent application Ser. No. 13/799,518, entitled "Energy Storage Device For A Bow", was filed, in the U.S. Patent and Trademark Office, naming as inventors Larry Pulkrabek, Craig Yehle, and others (hereinafter, "the Pulkrabek application").

111.  The Pulkrabek application was initially assigned by its named inventors to Field Logic, Inc., a Minnesota corporation, having a place of business at 101 Main Street, Superior, Wisconsin.

112.  The business address of Field Logic, Inc. is the same address initially used by Ravin Crossbows, LLC when it was formed in February 2015.

113.  The Pulkrabek application issued on Feb. 9, 2016 as U.S. Pat. No. 9,255,753; a true copy of U.S. Pat. No. 9,255,753 is attached hereto as Exhibit E.

114.  At its time of issue on February 9, 2016, the front face of U.S. Pat. No. 9,255,753 indicated ownership of such patent had been assigned to Defendant Ravin Crossbows, LLC.

21

115.  The Pulkrabek application was initially submitted in the U.S. Patent and Trademark Office by patent attorney Karl G. Schwappach, who was then with the law firm of Stoel Rives LLP of Minneapolis, Minnesota.

116.  An Information Disclosure Statement (IDS) was filed along with the Pulkrabek application on March 13, 2013, listing certain prior art references for consideration by the Patent Examiner; among those prior art references listed in the IDS was the '299 patent here in suit.

117.  The Pulkrabek application includes a specification of the invention, including a section entitled "Detailed Description Of The Invention".

118.  Within the "Detailed Description Of The Invention" portion of the Pulkrabek application specification, the following text was included:

> "The energy storage device 50 typically includes a trigger assembly to retain the draw string 100 in the drawn configuration 140 and a stock located near the proximal end 136 of the center support 52.  Most trigger assemblies include a dry fire mechanism that prevents release of the draw string 100 unless a bolt is positioned in the center support 52.  *Suitable trigger assemblies and stocks are disclosed in U.S. Pat. No. 8,240,299 (Kronengold et al.)*; U.S. Pat. No. 8,104,461 (Kempf); U.S. Pat. No. 8,033,275 (Bendar et al.); ... ".

119.  By including the foregoing quoted text within the specification of the Pulkrabek application, the named inventors and their patent attorney, Karl G. Schwappach, directed readers of the Pulkrabek application, and the resulting U.S. Pat. No. 9,255,753, to consult Plaintiff PSE's '299 patent for guidance in regard to construction of the trigger for firing a bowstring in a crossbow.

120.  Larry Pulkrabek and Craig Yehle are among the inventors named in the Pulkrabek application.

121.  Larry Pulkrabek has served as the registered agent for service of Defendant Ravin since its formation in February of 2015.

122.. Larry Pulkrabek also serves as the registered agent for service of Field Logic, Inc. within the State of Wisconsin.

123.  Field Logic, Inc. applied for federal registration of the trademark "RAVIN" for use on, among other things, crossbows, on October 9, 2013, which application was assigned Ser. No. 86/086,823.

124.  The aforementioned trademark application was filed on an intent-to-use basis, indicating that Field Logic, Inc. had a bona fide intention to use the trademark.

125.  On February 25, 2015, Field Logic, Inc. and Defendant Ravin executed an "Assignment of Trademark Rights", a true and accurate copy of which is attached hereto as Exhibit F.

126.  Within the aforementioned Assignment of Trademark Rights, Field Logic, Inc. assigned all rights in the "RAVIN" trademark to Defendant Ravin "once the Allegation of Use for such application has been accepted by the PTO".

127.  Larry Pulkrabek executed the aforementioned Assignment of Trademark Rights both as the "President" of Field Logic, Inc., and as the "President" of Defendant Ravin.

128.  Defendant Ravin, through its President Larry Pulkrabek, had actual knowledge of the '299 and '631 patents in suit, by no later than February 25, 2015.

129.  The above-referenced patent attorney Karl G. Schwappach wrote a letter dated April 23, 2014 to Pete Shepley on behalf of an un-identified client about un-identified PSE patents; a true copy of such letter is attached hereto as Exhibit G.

130.  On August 21, 2014, Mr. Schwappach wrote a follow-up letter to Plaintiff PSE's patent counsel William Cahill, in which Mr. Schwappach identified his client as "Field Logic, Inc.", and in which Mr. Schwappach specifically identified the PSE patents of interest as the '299 and '631 patents here in suit; a true copy of Mr. Schwappach's letter dated August 21, 2014 is attached hereto as Exhibit H.

131.  Mr. Schwappach directed a further letter to Plaintiff PSE's patent counsel Marvin Glazer dated September 2, 2014, in which Mr. Schwappach expressed his belief that the validity of the '299 and '631 patents are "in doubt", but inquiring whether Plaintiff PSE would be willing to grant licenses under such patents to Field Logic, Inc.; a true copy of Mr. Schwappach's letter dated September 2, 2014 is attached hereto as Exhibit I.

132.  On October 1, 2014, PSE's patent counsel Marvin Glazer sent a letter to Mr. Schwappach advising that PSE was not interested in granting licenses under either of such patents; a true copy of Mr. Glazer's letter dated October 1, 2014 is attached hereto as Exhibit J.

133.  The principals who formed Defendant Ravin, and their patent attorney Mr. Schwappach, were well aware of the '299 and '631 patents here in suit even before Defendant Ravin was formed as a limited liability company, separate from Field Logic, Inc.

134.  Patent attorney Karl G. Schwappach represents Defendant Ravin regarding patent matters, including the filing of U.S. patent application Ser. No. 15/171,391, filed on June 2, 2016, for "Cocking Mechanism For A Crossbow", which patent application identifies Defendant Ravin as the Applicant.

135.  Notwithstanding actual knowledge of the '299 and '631 patents here in suit, and notwithstanding knowledge that Plaintiff PSE had rejected Field Logic's request for licenses under such patents, Defendant Ravin nonetheless proceeded with the infringement of the '299 and '631 patents here in suit.

136.  The actions of Defendant Ravin in regard to infringing the patents in suit have been knowing, willful, egregious, in bad faith, and in total disregard of Plaintiff PSE's patent rights.

137.  Pursuant to 35 U.S.C. §284, Plaintiff PSE is entitled to an award of three times its actual damages found or assessed by the Court, in addition to interest and costs as fixed by the court.

138.  In view of Defendant Ravin's willful infringement of the '299 and '631 patents here in suit, this is an exceptional case under 35 U.S.C.§285 as entitles Plaintiff PSE to an award of its reasonable attorney fees.

139.  Plaintiff PSE has offered high performance crossbows in its product offerings for a number of years, and continues to do so.

140.  Plaintiff PSE and Defendant Ravin are direct competitors in the crossbow market.

141.  Plaintiff PSE has offered its TAC-series of crossbows incorporating the inventions recited in the asserted patent claims of the '299 and '631 patents here in suit, and Plaintiff PSE still offers such products by special order.

142.  Plaintiff PSE has not licensed the technology claimed in the '299 and '631 patents here in suit to any other crossbow manufacturer, since Plaintiff PSE desires to be the sole source of crossbows using the inventions patented therein.

143.  If Defendant Ravin were permitted to continue selling the infringing Ravin R9 crossbow, Plaintiff PSE will likely lose crossbow sales, lose market share, and suffer erosion of the prices currently charged by Plaintiff PSE for its crossbows.

144.  If Defendant Ravin were permitted to continue selling the infringing Ravin R9 crossbow, there is a significant risk that Defendant Ravin would not be able to satisfy a monetary judgment awarded to PSE by the Court.

145.  The use of the inventions patented in the asserted claims of the '299 and '631 patents here in suit contributes to the demand for the Ravin R9 crossbow, since the user can quickly slide the movable release forward to engage the bowstring after firing in preparation for a second shot.

146.  Plaintiff PSE will be irreparably damaged if Defendant Ravin is permitted to continue infringement of the asserted claims of the '299 and '631 patents here in suit.

147.  By willfully infringing the asserted claims of the '299 and '631 patents here in suit, Defendant Ravin knowingly assumed the risk that it would be enjoined from further infringement, and should not be heard to complain that an injunction would impose an unfair hardship on Defendant Ravin.

## REQUESTS FOR RELIEF

Plaintiff PSE requests the following relief:

1.     A preliminary and permanent injunction prohibiting further acts of infringement by Defendant Ravin, and by those parties in active concert or participation with Defendant Ravin, during the remaining term of the '299 and '631 patents. 35 U.S.C. §283.

2.      An award of damages that will fully compensate Plaintiff PSE for each of Defendant Ravin's acts of patent infringement described herein. 35 U.S.C. § 284.

3.      An award of treble damages for willful patent infringement by Defendant Ravin. 35 U.S.C. § 284.

4.      An award of prejudgment interest on infringement damages, accruing from the date of each such act of infringement, as a result of Defendant Ravin's acts of infringement.

5.      An award of Plaintiff PSE's costs incurred in connection with this action. 35 U.S.C. § 284.

6.      An award of Plaintiff PSE's reasonable attorneys fees incurred in connection with this action. 35 U.S.C. §285.

7.      Such other and further relief as the Court deems appropriate.

Dated this 12th day of December, 2016

Respectfully submitted,

/s/ Erik H. Monson
Erik H. Monson
State Bar No. 1032463
Coyne, Schultz, Becker & Bauer, S.C.
150 East Gilman Street, Suite 1000
Madison, Wisconsin 53703
Tel: (608) 255-1388
Fax: (608) 255-8792
Email: emonson@cnsbb.com

Marvin A. Glazer
Arizona State Bar No. 005885
(*pro hac vice admission pending*)
CAHILL GLAZER PLC
2141 East Highland Ave., Suite 155
Phoenix, Arizona 85016-4762
Tel: (602) 956-7000
Fax: (602) 956-4298
Email: mglazer@cvglaw.com

Counsel for Plaintiff,
Precision Shooting Equipment, Inc.